# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------x
In Re: NEW YORK CITY
      ASBESTOS LITIGATION
-------------------------------------------------------x
John T. Berei,

                      Plaintiff(s),

                -against-

AIR & LIQUID SYSTEMS CORPORATION AS
      SUCCESSOR BY MERGER TO BUFFALO
      PUMPS, INC., et al.

                    Defendants.
-------------------------------------------------------x

Index No. 190155-2012

PLAINTIFFS'
RESPONSE TO
DEFENDANTS'
FOURTH AMENDED
INTERROGATORIES
AND REQUEST FOR
PRODUCTION OF
DOCUMENTS

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FOURTH AMENDED STANDARD SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, pursuant to CPLR 3130 and in accordance with Section VIII(A)(1)(b) of the February 19, 2003 Amended Case Management Order ("CMO"), propound the following interrogatories to plaintiffs, to be answered under oath within the time period specified by the CMO, and, pursuant to CPLR 3120 and in accordance with Section VIII (B)(2)(b) of the CMO, request that plaintiffs produce (with copies to each defendant) such documents within the time period specified by the CMO. These interrogatories are continuing in character and require you to file supplementary answers if you obtain further or different information after serving your initial answers and before trial, including in such supplemental answers the date upon and the manner in which such further or different information came to your attention.

## PRELIMINARY STATEMENT AND OBJECTIONS

Plaintiff, by and through her attorneys objects to Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents, as well as the Explanation and Definitions and Instructions contained therein

—

("Interrogatories"), to the extent that they seek to impose upon plaintiff obligations or burdens which are greater than, or inconsistent with New York law.

Plaintiff further objects to these Interrogatories and to each individual request and/or interrogatory, to the extent that they seek information or request the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and any other applicable privilege or doctrine protecting such documents from disclosure. The production of any document prepared by the plaintiff's attorneys is not a waiver of any privilege. The inclusion of or reference to any attorney's name on any responses is not a waiver of any privilege. Moreover, the documents produced are confidential and may not be disclosed other than to counsel, a party, the court or an expert in this action without order of the Court. Plaintiff, by providing documents in response to these Interrogatories specifically does not admit the competency, relevancy, materiality, privilege and/or admissibility of such document or of the information or subject matter. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

Plaintiff has not completed investigating the facts relating to her case, has not completed her discovery, and has not completed preparing her case. Therefore, these responses are preliminary and without prejudice to plaintiff's right to discover and/or produce evidence of additional facts and/or additional evidence of existing facts. Plaintiff has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of these Interrogatories.

Plaintiff objects to the Interrogatories, and to each individual request and/or interrogatory, to the extent that they seek information that is not within plaintiff's own first-hand knowledge or request the production of documents that are not within plaintiff's possession, custody or control.

Plaintiff further objects to the Interrogatories as overly broad and burdensome and demanding an investigation into matters which are neither relevant to these proceeding nor designed to lead to the discovery of evidence relevant to these proceedings.

Plaintiff does not waive and specifically preserves the following objections:

1. Any and all objections to the competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions.

2. The right to object on any grounds at any time to demand for further responses or further documents to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and,

3. The right at any time to review, correct, add to, supplement or clarify any of these responses.

These objections are incorporated by reference into any amendment and/or supplement to these interrogatories. Moreover, each of these objections is

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

incorporated by reference into to each specific response without regard to whether an additional objection is made in such response.

Subject to these objections and reservations, plaintiff, by and through her attorneys responds as follows:

## INTERROGATORY ANSWERS
### For
### JOHN T. BEREI

1Q.  State the following:
    (a)    your full name, and all other names by which you have been known;
    (b)    age, and date and place of birth;
    (c)    whether you were an adopted child;
    (d)    present marital status, date of current marriage, spouse's maiden name, dates of any prior marriages and the names of any prior spouses, if applicable;
    (e)    present home address;
    (f)    social security number.

1A.  (a)  **John Theodore Berei**
    (b)  **Age: 83, Date of Birth: 1/26/1929, Place of Birth: Garfield, NJ**
    (c)  **Birth;**
    (d)  **Widower, Mary Mochary, April 26, 1963**
    (e)  **6223 Country Ridge Lane New Port Richey, FL 34655**
    (f)  **XXX-XX-5264**

2Q.  State the following with regard to your father and mother:
    (a)  name;
    (b)  current address (if deceased, state last known address);
    (c)  the current condition of each one's health, including any specific medical problems
    If either of the decedent's parents is deceased, please state for each deceased parent:
        i.    specific medical problems;
        ii.    date and place of death;
        iii.    age and cause of death for each parent.

2A.  (a)  **Father: Martin Berei**
    (b)  **568 Palisade Avenue Garfield, NJ**
    (c)  **Deceased;**
       (i)    **Not Applicable**
       (ii)    **Date of Death: To be provided, Place of Death: Passaic General Hospital Passaic, NJ**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

3

      (iii)     **Age: 67, Cause: Stomach disease**

  (a)     **Mother: Katherine Berei**
  (b)     **568 Palisade Avenue Garfield, NJ**
  (c)     **Deceased;**
      (i)     **Not Applicable**
      (ii)     **Date: To Be Provided, Place of Death: New Jersey**
      (iii)     **Age: 98, Cause of Death: Old Age**

**3Q.**    State the following with regard to each of your children:
  (a)     full name;
  (b)     age, date and place of birth;
  (c)     sex;
  (d)     current address;
  (e)     social security number;
  (f)     whether birth child or adopted child; and
  (g)     current state of each one's health. If any of your children are
      deceased, state for each deceased child:
      i.     specific medical problems;
      ii.     age and date and place of death; and
      iii.     cause of death for each child.

**3A.**   (a)     **John Berei**
     (b)     **Age: 59, Date of Birth: 6/7/1953, Place of Birth: Garfield, NJ**
     (c)     **Male**
     (d)     **9 Bonner Court Pennington, NJ 08534**
     (e)     **I don't know;**
     (f)     **Birth;**
     (g)     **Good Health**

     (a)     **Kimberly Elston**
     (b)     **Age: 42, Date of Birth: 3/26/1970, Tilton Memorial Hospital Pompton Lakes, NJ**
     (c)     **Female**
     (d)     **246 Penns Way Basking Ridge, NJ 07920**
     (e)     **I don't know;**
     (f)     **Birth;**
     (g)     **Good Health**

**4Q.**    State the complete address of all places you have resided since birth giving the inclusive dates of residence for each place named and as to each state:

     (a)     fuel used for heating and cooking;
     (b)     significant home improvements (e.g., additions, reinsulation, re-wiring, etc.);

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

    (c)    number of family units co-occupying said structure.

**4A.**    **1997 to Present**

**6223 Country Ridge Lane**
**(a)**    **Electric heat/Electric cooking**
**(b)**    **Installed new windows**
**(c)**    **Single Family home**

**1960 to 1997**

**Greendale Drive West Milford, NJ**
**(a)**    **Oil heat/Electric cooking**
**(b)**    **Built entire house.  Mr. Berei specifically recalls using USG**
**(c)**    **One family home**

**1938 to 1960**

**568 Palisade Avenue Garfield, NJ**
**(a)**    **Coal heat, Cold stove cooking**
**(b)**    **Added rooms to second floor of house (converted to 2 family home)**
**(c)**    **2 family home**

**1929 to 1938**

**Franklin Avenue Garfield, NJ**
**(a)**    **Coal heat, Cold stove cooking**
**(b)**    **Not Applicable**
**(c)**    **2 Family home**

5Q.    For every physician or other health care provider who ever tested, treated, consulted with or examined you up to and including the present date, for any reason whatsoever, please state the following separately as to each:

    (a)    name and address of physician or health care provider and, if ongoing, the approximate frequency of said treatment and services;
    (b)    date(s) of test, examination and/or treatment;
    (c)    symptoms complained of at the time, if any;
    (d)    any diagnosis made;
    (e)    treatment or examination given and reason for treatment or examination; and,
    (f)    any drugs or medications prescribed.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

5

5A.    Although it is possible that I have consulted other doctors, nurses and health care providers, at the present time, I am aware of the following doctors and treatment rendered:

    (a)    Dr. Kumar 580 Old State Highway 54 New Port Richey, FL 34652

    (b-f)   Observed biopsy and assisted in diagnosis of mesothelioma

    (a)    Dr. Lewis Astra 8607 East Haven Court

    (b-f)   Performed biopsy on 10/17/2011

    (a)    Dr. Zahid Akram 4746 Rowen Road New Port Richey, FL

    (b-f)   Pulmonologist

    (a)    Dr. Nagy 2044 Trinity Oak Boulevard Suite 125 Trinity, FL

    (b-f)   Primary Care Physician

6Q.    For every hospital, clinic or health care institution in which you have ever been admitted, treated, tested, or examined, whether as an "in-patient" or as an "out- patient," please state the following for each such visit:

    (a)    name and address of the facility;

    (b)    dates and description of test, treatment, examination hospitalization and, if ongoing, the approximate frequency of said treatment and services; and

    (c)    reason for visit to the facility.

6A.    Although it is possible that I may have been treated or examined in other institutions, at the present time I am aware of the following institutions and treatment rendered:

    (a)    Bay Care Hospital New Port Richey, FL

    (b-c)   Diagnosed with Mesothelioma via Biopsy

    (a)    Tilton Memorial Hospital New Jersey

    (b-c)   Appendix removed at age 50

7Q.    State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of the diagnosis.

7A.    I was diagnosed with <u>Mesothelioma</u> on <u>October 17, 2011</u>. At various and numerous times, I have experienced a variety of

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

different and differing symptoms related to the cancer I am suffering from.

8Q.    Describe any pain, incapacity, inability to lead a normal life, inability to work, or disability (including retirement) alleged to have resulted from your medical conditions), including the date and basis therefore.

8A.    Since I was diagnosed with Mesothelioma, I have been short of breath and unable to walk without having to stop. I have been experiencing pain and discomfort. I have also been going through a lot of mental stress and I am emotionally drained. I fear that I am dying and I am unable to live a normal life

9Q.    Have you ever had any biopsies or tissue samples taken? If so, please state for each such procedure:
         (a)     the name of each physician performing such procedures;
         (b)     the address where such procedures were performed;
         (c)     the date when such procedures were performed; and
         (d)     the results, conclusions, and/or diagnosis arising from such procedures.

9A.    I had biopsies or tissue samples taken by:

        **(a-b)  Bay Care Hospital New Port Richey, FL**
        **(c)     October 2011**
        **(d)     Diagnosed with mesothelioma**

10Q.    Have you ever had any chest x-rays, CT Scans and/or pulmonary function tests? If so, state:
         (a)     the dates and places;
         (b)     the reasons;
         (c)     the results and/or diagnosis resulting therefrom;
         (d)     the location of all chest X-ray and CT Scan films; and provide appropriate authorization to obtain all X-rays, CT Scans and pulmonary function tests.

10A.    I had chest x-rays, CT Scans and/or pulmonary function tests done at the following locations:

        **(a)     Bay Care Hospital New Port Richey, FL**
        **(b-d)  RecordTrak has all available medical records.**

11Q.    Have you ever been exposed to, used, inhaled or ingested any of the following substances on a regular basis or at work. If so, state the date(s), place(s), and circumstances thereof.

| | | |
|---|---|---|
| (a) acids | (o) coal dust (coal) | (ac) nuclear radiation |
| (b) aluminum | (p) coal tar | (ad) ozone |

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

| | | |
|---|---|---|
| (c) ammonia | (q) cotton dust | (ae) petroleum distillates |
| (d) arsenic | (r) epoxy | (af) phoshene |
| (e) barium | (s) ethanol | (ag) radiation |
| (f) beryllium | (t) grinding dust | (ah) silica |
| (g) butanol | (u) iron | (ai) titanium |
| (h) cadmium | (v) isocyanates | (aj) toluene |
| (i) carborundum | (w) isopropanol | (ak) welding smoke or |
| (j) chloroethylene | (x) lead | fumes |
| (k) chlorine | (y) live chickens | (al) zylene |
| (l) chromate | (z) manganese | (am) zinc. |
| (m) chromate | (aa) nickel | |
| (n) chromium | (ab) nitrogen dioxide | |

**11A.  During the course of my career, I may have been exposed to some of the above substances.**

12Q.   Do you use or have you ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, from birth to the present time?  If so, state the following:

> (a)  the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco);
> (b)  the dates during which you used each such product;
> (c)  the amount of the product used per day, during each period of time (e.g., 2 packs of cigarettes per day);
> (d)  whether you have ever been told by a physician that you are or were suffering from any disease or illness caused by or contributed to by tobacco; and
> (e)  whether you were ever advised by any physician or any other person that use of tobacco products could adversely affect your health and whether you were ever advised to stop using tobacco products, and if so, identify each physician or person who gave you any such advice, the dates on which the advice was given, and state exactly what, if anything, you did in response to that advice.

12A.   **(a)      Lucky Strikes**
  **(b)      Age 20-40**
  **(c)       Less than 1 pack per day**
  **(d)      No. I was never told by a physician that I am or was suffering from any disease or illness caused by or contributed to by tobacco.**
  **(e)      No.**

13Q.   For each spouse and member of your household, from your birth to the present time, state whether they use or have ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, and if so, state the following:

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

(a)    the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco); and

(b)    the dates during which they used each such product.

**13A.    (a)    Lucky Strikes (non filtered)**

**(b)    Unknown**

14Q.    Do you presently consume or have you in the past consumed alcoholic beverages.  If so, state the following:

(a)    the type of alcoholic beverages consumed;

(b)    the dates during which you consumed each such alcoholic beverage;

(c)    the amount of such beverage you consumed per day during each period of time; and

(d)    whether you have ever been treated for any illness or disease related to your consumption of alcoholic beverages.

**14A.    I have consumed alcoholic beverages only on social occasions.**

15Q.    Have you ever been a member of the Armed Forces of the United States?  If so, state the following:

(a)    the branch of the service, serial number, and highest rank held;

(b)    the beginning and ending dates of military service;

(c)    the type of discharge received;

(d)    whether you received any injury or incurred any illness during military service; and

(e)    if you received a medical discharge, attach a copy hereto and set forth the medical reasons.

**15A.    I was a member of the following:**

**(a)    US Navy, unknown, 2273084, Fire Controlman 3**

**(b)    7.16.1946-11.3.1949**

**(c)    Honorable Discharge**

**(d)    No;**

**(e)    N/A**

16Q.    As to each and every employer (including military service) the decedent had from the time he was first employed until the time of his death, set forth the following:

Include on the chart all of the decedent's employers where he worked, and all job sites, regardless of whether or not it is alleged that decedent was exposed to asbestos during the employment. Also, include the source of any product identification information provided on Chart A.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

16A.   See attached Chart A; Plaintiff's counsel directs Defendants to the Plaintiff's Social Security Printout which may be obtained from RecordTrak.

17Q.   Please state the following with respect to each Asbestos-Containing Product identified on Chart A:

        (a)     the color, dimensions, shape, form, texture, weight, appearance and flexibility of each product;

        (b)     the appearance of the package or container indicating the manner of packaging, size, dimensions, color and weight;

        (c)     the name, logo, label, numerical and alphabetical markings and other markings or words including warnings on the product and package or container; and

        (d)     the source of the information provided in response to this interrogatory.

17A. **At the present time, I recall that I was exposed to a variety of different asbestos containing products, during my employment as an <u>carpenter & fire controller</u>, including but not limited to: pipecovering, block, cement, fireproofing spray, gaskets, firebrick, asbestos-containing wire, tape, joint compound, floor tile, and insulation used on equipment such as boilers, pumps, valves and turbines which products were manufactured by various companies.**

**<u>Plaintiff's counsel</u> alleges that, at the present time and upon information and belief, the plaintiff was exposed to asbestos-containing products manufactured by, or insulation used on equipment manufactured by, or was exposed to asbestos due to the negligence of, the defendants named in the Plaintiff's lawsuit as well but not limited to some of the companies (or their legal predecessors) listed on Exhibit A: AC and S, Inc; Artra Group, Inc. (Synkoloid); Amatex Corp.; A.P. Green Industries; Armstrong World Industries; Babcock & Wilcox; Bethlehem Steel; Burns & Roe Enterprises; C.E. Thurston.; Celotex Corp.; Combustion Engineering; Eagle-Picher; Eastco Industrial Safety Corp.; Federal Mogul; Fibreboard;  Flintkote; Forty-Eight Insulations, Inc.; Fuller-Austin Insul.; G-1 Holdings (GAF Corp.); Harbison-Walker Refractories Co.; H.K. Porter Co.; Johns-Manville Co.; J.T. Thorpe;  Kaiser Aluminum; Keene Corp., M.H. Detrick; National Gypsum Co.; Nicolet, Inc.; North American Refractories; Owens Corning; PACOR; Pittsburgh Corning; Plibrico Refractories; Porter-Hayden; Quigley/Pfizer; Raytech; Rock Wool Mfg.; Rutland Fire & Clay; Shook & Fletcher; T.H.A.N.; UNR Industries, Inc.; USG (US Gypsum) Corp.; US Mineral; Washington Group Int'l, Inc.; Western Asbestos; Worthington; W.R. Grace. and others.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

10

**Plaintiff's counsel** further states that identification of the manufactures, sellers, distributors and users of the products to which the plaintiff was exposed, as well as any and all tort-feasors liable to plaintiff for causing or contributing to his contraction of an asbestos-related disease may be established by other witnesses, Interrogatory Answers of the tort-feasors, sales invoices and other evidence.

**Plaintiff** and **Plaintiff's counsel** reserve the right to amend and/or supplement this answer, as additional information becomes available.

18Q.   If you have retired from your employment, set forth the following:

    (a)   whether said retirement was voluntary or involuntary;
    (b)   the effective date of said retirement;
    (c)   the name of your employer at the time of retirement;
    (d)   the reason for said retirement;
    (e)   whether your retirement was related to any claimed asbestos-related injury;  and
    (f)   the amount of pension and/or retirement benefits you are receiving or entitled to receive.

**18A.**   **(a)**   **Involuntary**
    **(b)**   **1991**
    **(c)**   **Unknown**
    **(d)**   **Spend time with spouse**
    **(e)**   **Not Applicable**
    **(f)**   **$828.00**

19Q.   State whether you were exposed (either directly, through a co-worker or otherwise), to any Bankrupt Entity's Asbestos-Containing Materials, or products either mined or manufactured, sold, or distributed by a Bankrupt Entity.  If so, state the following:

    (a) As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following, concerning Bankrupt Entities' products only:

    i.    Name of employer;
    ii.    Dates of employment;
    iii.    Asbestos-related jobsite and address where Bankrupt Entity's products were being used;
    iv.    Dates you were at the jobsite;
    v.    Job duties at the particular jobsite;
    vi.    Bankrupt Entity's Asbestos-Containing Materials or Products to which you were exposed;

vii.    Other companies using Bankrupt Entity's Asbestos-Containing Material or Products at the jobsite; and

viii.    Whether you received any warnings with respect to the use of said product and the nature of those warnings.

(b)    If you were exposed to, used, ingested or inhaled any Bankrupt Entity's Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:

i.    the date, location and circumstances; and

ii.    the type of product and the name of the manufacturer, distributor, and miner.

**19A.   See answer to Question 17.**

20Q.   If you contend that you were exposed to, used, ingested or inhaled asbestos or Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:

(a)    the date, location and circumstances; and

(b)    the type of product and the name of the manufacturer, distributor, and miner.

**20A.   To Be Determined.**

21Q.   Have you ever been a member of any labor union? If so, state:

(a)    the name and address of each local, national and international labor union;

(b)    the inclusive dates of your membership; and

(c)    any position(s) you held with each such labor union, and the dates during which you held such positions.

**21A.   I was a member of the following:**

**(a)    Carpenter's Lcl 124 Patterson, NJ**

**(b)    1960-1991**

**(c)    General Member**

22Q.   State whether you have ever seen or received any information, instruction, direction, warning, or directive, from any source whatsoever, concerning alleged dangers of exposure to asbestos materials and/or Asbestos-Containing Products, and if so, identify:

(a)    each such warning, directive, notification, direction, instruction, or information;

(b)    the means by which such was given to you;

(c)    the source and the date on which it was received by you; and

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

12

(d) your response or reaction, including any complaints made or changes in work habits.

**22A. I was never warned of the harmful effects of exposure to asbestos.**

23Q. State whether you had available for use during any period of your employment, respirators or masks or other dust inhalation inhibitor, or protective gear and, if so, state the following:

(a) the period of time during which said items were available;

(b) what instructions were given with regard to the use of each of said items;

(c) whether you used said items and the dates of your use;

(d) whether you ever requested said items, and, if so, when, where and to whom the request was made, and the response to the request.

**23A. This is non-applicable.**

24Q. If you are making a claim for loss of earnings or impairment of earning power because of you medical conditions, state the following:

(a) date of commencement of any loss or impairment;

(b) the name and address of your employer, your job title and your montly or weekly rate of pay at the time of the alleged commencement of any loss or impairment;

(c) if you had more than one employer during the three year period prior to the date of them commencement of any loss or impairment, as indicated on Chart A, provide your monthly or weekly rate of pay and inclusive dates of such employment during the three year period;

(d) your total earnings for the period of three years prior to the commencement of any

**24A. This is non-applicable.**

25Q. Do you claim damages for loss of consortium, society, affection, services, or sexual enjoyment? If so, please set forth in complete detail all facts on which this claim is based, including a complete description of the loss suffered.

**25A. This is non-applicable.**

26Q. For each person who is or was partially or totally dependent upon you for financial support and assistance during the last ten years, state:

(i) the name, address, sex, age and relationship; and

(ii) the amount you contributed during the last ten years for support and assistance.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

**26A.**   **Not Applicable**

**27Q.**   State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges, medicines, lost wages, etc., naming the person or organization to whom each item of expense was paid or is due, and, if paid, by whom each item of expense was paid.

> **27A.**   **<u>Plaintiff's counsel</u> is presently coordinating this information, which will be forwarded upon receipt; defendants are also directed to records received from RecordTrak.**

**28Q.**   Identify and give the substance of all written statements, recordings, or videotapes which relate to the facts of this lawsuit and the damages you claim given by plaintiff or any witness (provided such information is in plaintiff's possession, custody or control and/or such statements, recordings or videotapes are not protected by attorney-client privilege) in the above-captioned matter.

> **28A. Objection. Unduly broad and vague.  Subject to the objection, Plaintiff responds as follows:  At this time, I have no such written statements, recordings or video tapes which relate to the facts of this lawsuit, and has no basis for knowing of any witnesses except for those previously listed.**

**29Q.**   Have you ever made any claim for, or received any, health or accident insurance benefits, social security benefits, state or federal benefits for disabilities, workers' compensation benefits, veterans' benefits, tort claims of suits, Federal Employers Liability Act claims or suits, Longshoremen and Harbor Workers Act claims or suits, unemployment compensation insurance benefits, or early payment from any public of private pensions due to disability or your medical condition?  If so, state the following:

>   (i)     the date and place where each such claim was made;
>   (ii)    the name and nature of the entity with which the claim was made;
>   (iii)   any identifying number, such as a docket or petition number, for each claim;
>   (iv)    the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;
>   (v)     the nature of the claim;
>   (vi)    whether you were examined by a physician and if so, the name and address of that physician;
>   (vii)   the result of such claim, including the amount realized by way of settlement, judgment or award upon the claim;
>   (viii)  the name and address or any attorney who represented you with regard to such claims; and
>   (ix)    whether you are presently receiving such benefits.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

**29A.   Not Applicable**

30Q.   State the following with regard to your asbestos-related legal action:

(a)   Did you file an asbestos-related claim in more than one jurisdiction;

(b)   Identify all of the jurisdiction (s) where an asbestos-related claim has been filed (whether or not these claims have been dismissed or discontinued or otherwise resolved) on your behalf;

(c)   Did you file your asbestos-related claim(s) under more than one Index Number; and

(d)   Provide all of the Index Numbers for all of you asbestos-related claim(s), including all multiple Index Numbers for claims filed in New York County.

**30A.   <u>Plaintiff has also filed suit in Florida for a non-malignant asbestos disease. The index number will be provided in the near future.</u>**

31Q.   State whether or not you have made, filed, or submitted a Claim Against Bankrupt Entity or received funds in settlement from a Bankrupt Entity.  If so, for each claim state the following:

(a)   the date and place where each such claim was made;

(b)   the name and nature of the entity with which the claim was made;

(c)   any identifying number, such as a docket or petition number for each claims;

(d)   the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

(e)   the nature of the claim;

(f)   whether you were examined by a physician and if so, the name and address of that physician; and

(g)   whether you received any compensation as a result of such claim, but not the amount.

**31A.   To Be Provided.**

32Q.   State whether you have applied to any Bankrupt Entity or Bankruptcy Court to life the stay as to your claim or otherwise have attempted to join a Bankrupt Entity to this action.

**32A.   Neither plaintiff nor plaintiff's counsel on plaintiff's behalf has applied to any Bankrupt Entity or Bankrupt Court to life the stay as to plaintiff's claim or otherwise attempted to join a Bankrupt Entity to this action.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

15

33Q.   Have you or your spouse ever been a party to or witness in any lawsuit, court, or administrative proceeding? If so, please state:

(a)   whether you or your spouse were a party or witness and if party, whether plaintiff or defendant;

(b)   the precise name of the lawsuit or proceeding, the court agency in which it was brought and the docket number;

(c)   the nature of the charges or claim and, if you or your spouse were a witness, the subject matter of the testimony;

(d)   the disposition of the case.

**33A.   Not Applicable**

34Q.   Have you or your spouse filed a claim seeking compensation for any alleged asbestos-related condition from any entity, including settlement trust? Specify "Yes" or "No" only.

**34A.   See Answer to Question 31.**

35Q.   Identify all entities, whether or not parties to this lawsuit, with whom you have settled or agreed to settle this lawsuit.

**35A.   <u>Plaintiff has not</u> settled <u>nor</u> agreed to settle this lawsuit for his malignant asbestos-related disease with any entities.**

36Q.   Identify all persons, other than your attorneys, who provided you with any information used in answering these interrogatories, and state the particular information each person supplied.

**36A.   I relied upon myself in answering these interrogatories except where indicated otherwise.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

16

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Section VIII (B) (2) (b) of the CMO, the defendants request that plaintiffs produce for inspection and copying, the documents and things identified below. The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed. The following requests include, but are not limited to, documents that relate to Bankrupt Entities.

You are hereby requested to produce the following documents and things:

1.      All documents identified in your answers to these interrogatories.

> **R.1.   Documents responsive to this Document Demand will be made available for photocopying and inspection, upon request, at the offices of Weitz & Luxenberg at a mutually convenient date and time. You may also request electronic copies in the form of a PDF by sending an e-mail to the following address:**
>
> **jhodzic@weitzlux.com**
>
> **Please note the Plaintiff's name and the Index Number of the case in your request.**
>
> **Additionally we will make a copy of the documents responsive to Defendant's Demands to Produce available at Plaintiff's deposition.**

2.      All documents relating to the plaintiff's job qualifications and professional licenses held.

> **R.2.   To the extent that any exist, they will be provided.**

3.      All documents relating to the plaintiff's membership in any labor trade association or professional organization.

> **R.3.   To the extent that any exist, they will be provided.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

4.      All documents relating to the plaintiff's military or foreign service, including and not limited to, personnel records, discharge papers, military occupational specialty qualifications, promotions, reductions or disciplinary actions.

> **R.4.**   **To the extent that there are any available, RecordTrak has been provided with a duly executed authorization.**

5.   All documents relating to any claim or demand ever made by the plaintiff of the plaintiff's decedent for damages, compensation or other benefits allegedly resulting from any illness or injury, including but not limited to, Claims Against Bankrupt Entities, Industrial Accident Board records, social security disability claim records, federal or state employment compensation claim records, social disability records, pension claim record or any other health or accident insurance claim records.

> **R.5.**   **See R.1. above.**

6.   All documents in plaintiff's possession, custody or control relating in any way to the plaintiff's exposure or possible exposure to asbestos, Asbestos-Containing Products and/or Asbestos-Containing Materials.

> **R.6.**   **Objection, attorney/client privilege; to the extent that this request does not invade such privileges, Plaintiff does not have any such material.**

7.   All documents relating in any way to the plaintiff's exposure or possible exposure to silica, acids, beryllium, nuclear radiation, ammonia, cadmium, chlorine, chromate, phosgene, grinding dust, coal dust, cotton dust, nickel, welding smoke or fumes.

> **R.7.**   **Plaintiff does not specifically recall if he was ever exposed to the substances listed, but nonetheless does not have any of the materials asked for.**

8.   All documents, of which you have ever become aware, relating in any way to warnings, potential health hazards, instructions or precautions regarding the use or handling of, or exposure to, asbestos, Asbestos-Containing Products, and/or Asbestos-Containing Materials.

> **R.8.**   **To the extent that there are any available, RecordTrak has been provided with a duly executed authorization.**

9.   All applications prepared or submitted by or on behalf of the plaintiff for life insurance, medical insurance, health and accident insurance, and/or disability insurance.

> **R.9.**   **Plaintiff has no such documents in his possession.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

18

10.     All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of, or under the direction of, plaintiff relating in any way to exposure or alleged exposure to asbestos, Asbestos-Containing Products and/or Asbestos-Containing Materials or any other issues relating to this lawsuit except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established, and attorney work product, need not be produced or identified.

> **R.10.   Objection. Attorney/client privilege; work product privilege. To the extent that this request does not invade any such privilege, Plaintiff does not have any such material.**

11.     All records relating to comment, complaints, suggestions, or proposals made to your employer or your union, by yourself or by other employees of union members regarding asbestos exposure.

> **R.11.   Plaintiff has no such material in his possession.**

12.     All written, recorded, filmed, transcribed or videotaped statements of all parties and non-party declarants pertaining to the subject of this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established need not be produced or identified.

> **R.12.   Objection. Attorney/client privilege; work product privilege. To the extent that this request does not invade any such privilege, Plaintiff does not have any such material.**

13.     All photographs of the plaintiff at work or in work clothes and all photographs of all products or conditions complained of in the plaintiff's place of employment.

> **R.13.   To the extent that any exist, they will be provided.**

14.     Copies of all itemized bills covering all the special damages and losses and expenses claimed in this matter.

> **R.14.   To be provided; Defendants are also directed to RecordTrak.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

15.     Copies of all reports, correspondence and records from any doctor who has examined the plaintiff, any hospital where plaintiff has been treated either as an inpatient or as an outpatient, except for any reports, records, correspondence, or communications used by any consulting physicians who have been retained or specially employed in the anticipation of litigation or preparation for trial and who are not expected to be called as a witness at trial.

**R.15.   RecordTrak has all available medical records.**

16.     All tissue specimens, tissue slides, and x-ray films pertaining to the plaintiff.

**R.16.   RecordTrak has all available medical records.**

17.     Copies of plaintiff's income tax records for the last ten years as well as any other documents, including economic loss reports, upon which plaintiff relies in support of his claims.  If loss of earnings or earning capacity is alleged or claimed to have occurred before the current year, include copies of the income tax returns of the plaintiff from ten years prior to the claimed loss and up to the current tax year.

**R.17.   RecordTrak has all available income tax records.**

18.     Any asbestos and/or asbestos-containing products of the type to which the plaintiff alleges exposure which the plaintiff has in his possession, custody or control.

**R.18.   To the extent that any exist, they will be provided.**

19.     All photographs, charts, drawings, diagrams or other graphic representations depicting work conditions at work sites where plaintiff claims he was exposed to asbestos or asbestos-containing products.

**R.19.   To the extent that any exist, they will be provided.**

20.     All invoices, bills, statements and any other writings or records which plaintiff contends evidence the sale of any products containing asbestos to the place of plaintiff's employment at which plaintiff claims that he was exposed to asbestos.

**R.20.   To the extent that any exist, they will be provided.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

21.     Any written advice, publication, warnings, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the possession, custody or control of the plaintiff.

**R.21.  Plaintiff has no such material in his possession.**

22.    Any accident or incident reports which relate to the facts, circumstances or incidents which form the basic of plaintiff's complaint.

**R.22.  To the extent that any exist, they will be provided.**

Dated: New York, New York
        March 28, 2012

Respectfully submitted,
Weitz & Luxenberg, P.C.
Attorneys for Plaintiff

David A. Chandler
700 Broadway
New York, NY 10003
(212)   558-5500

## EXHIBIT A

Bankrupt Entity may include, without limitation, one or more of the following:

AC and S, Inc; Artra Group, Inc. (Synkoloid); Amatex Corp.; A.P. Green Industries; Armstrong World Industries; Babcock & Wilcox; Bethlehem Steel; Burns & Roe Enterprises; C.E. Thurston.; Celotex Corp.; Combustion Engineering; Eagle-Picher; Eastco Industrial Safety Corp.; Federal Mogul; Fibreboard; Flintkote; Forty-Eight Insulations, Inc.; Fuller-Austin Insul.; G-1 Holdings (GAF Corp.); Harbison-Walker Refractories Co.; H.K. Porter Co.; Johns-Manville Co.; J.T. Thorpe;  Kaiser Aluminum; Keene Corp., M.H. Detrick; National Gypsum Co.; Nicolet, Inc.; North American Refractories; Owens Corning; PACOR; Pittsburgh Corning; Plibrico Refractories; Porter-Hayden; Quigley/Pfizer; Raytech; Rock Wool Mfg.; Rutland Fire & Clay; Shook & Fletcher; T.H.A.N.; UNR Industries, Inc.; USG (US Gypsum) Corp.; US Mineral; Washington Group Int'l, Inc.; Western Asbestos; Worthington; W.R. Grace.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

## CHART A

## EMPLOYER/JOBSITE HISTORY FOR JOHN T. BEREI

| Name of Employer | Dates of Employment | Asbestos-related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM* Used Personally, By Coworkers, BY Other Companies On Site And To Which You Were Otherwise Exposed | Coworkers on Jobsite, including supervisor |
|---|---|---|---|---|---|---|
| Please see social security records | 1950-1970 | Various commercial sites throughout New York and New Jersey, including but not limited to:<br>Dover Mall, NJ<br>Willowbrook Mall, NJ<br>Flushing Hospital, NY | 1950-1970 | Carpenter | Plaintiff worked with and assisted others that worked with asbestos-containing floor tile, ceiling tile, joint plaster, spray, pipe covering, cement & tape, among other thing. | see Interrogatory Answer #17 |
| United States Navy | 1946-1949 | USS Shebalis (AOG48) – San Diego Naval Base<br>USS Alshane | 1946-1949 | Fire Control (FC3) | Plaintiff worked with and assisted others who worked with asbestos gaskets, packing, asbestos rope and insulation, used in connection with machinery and equipment such as boilers, turbines, pumps, valves, blowers, heat exchangers, steam lines and other like equipment. | see Interrogatory Answer #17 |

* ACM - Asbestos Containing Materials or Products.

** Identify brand and manufacturer names, if known.

Patient Chart

*Berei, John*                                                    Date Printed: 11/17/11
                                          337787    Sex: M   Age: 82 years
                                                                DOB: 01/26/1929

## Pathology

10/17/11 : 08:30am
SURGICAL PATHOLOGY REPORT
S04
Surgical Pathology Final Report

PATHOLOGY REPORT

ACCESSION : NS-11-0001593        COLLECTED : 10/17/11
RECEIVED : 10/17/11 1:59:00      VERIFIED : 10/18/11 3:13:04
PM                    PM

FINAL DIAGNOSIS
A) RIGHT PLEURAL BIOPSY: HISTOLOGIC FEATURES CONSISTENT WITH MALIGNANT
MESOTHELIOMA. EPITHELIAL TYPE, PENDING IMMUNOHISTOCHEMICAL STAINS FOR
CONFIRMATION.

B) DIAPHRAGM BIOPSY: HISTOLOGIC FEATURES CONSISTENT WITH MALIGNANT
MESOTHELIOMA, EPITHELIAL TYPE.

C) RIGHT PLEURAL BIOPSY: HISTOLOGIC FEATURES CONSISTENT WITH MALIGNANT
MESOTHELIOMA. EPITHELIAL TYPE.

NOTE: MUCIN STAIN IS NEGATIVE IN ALL THREE SPECIMENS.

10/18/2011 8:28 YCO:TH
88305 X 3, 88331, 88313 X 3

Reviewed, Approved, and Electronically Signed by: Yao Ong, M.D.
Verified: 10/18/2011 03:13 pm
YCO/TLW

CLINICAL INFORMATION
Pre-Op Diagnosis: Right pleural effusion
Post-Op Diagnosis: Same
Clinical History:

INTRAOPERATIVE CONSULTATION
FS A: ATYPICAL MESOTHELIAL CELL PROLIFERATION. FAVOR MALIGNANT MESOTHELIOMA.
YCO
09:11 - 09:23

GROSS DESCRIPTION
A) Right pleural biopsy. Received fresh are two fragments of tissue, one is
a tan glistening tissue measuring 0.5 x 0.5 x 0.3 cm and the other is a light

Printed using Practice Partner®

Patient Chart

*Berei, John*

Date Printed: 11/17/11

337787    Sex: M    Age: 82 years
DOB: 01/26/1929

red tissue measuring 0.35 x 0.2 x 0.1 cm. The specimen is entirely submitted
with the larger piece bisected and submitted for frozen section.

B) Diaphragm biopsy. A pale gray-pink firm tissue measuring 0.5 x 0.4 x 0.25
cm. Bisected and entirely submitted.

C) Right pleural biopsies. Seven fragments of pale gray-tan to pink-tan firm
nodular tissue ranging from 0.3 x 0.25 x 0.2 up to 0.9 x 0.5 x 0.4 cm. Entirely
submitted.

10/17/2011 14:23  YCO:fb

PP/FB · 10/17/11 02:24 pm


· N/A

Refer to BayCare Laboratory for performing location.
Ordering Provider: Louis Astra
Consulting Provider:

As of 3/28/12

## <u>JOHN T. BEREI Service Rider</u>

John Howarth Esq.
WILBRAHAM, LAWLER & BUBA
1818 Market Street
Suite 3100
Philadelphia, PA 19103
(215) 564-4141
fax:(215) 564-4385
Attorneys for Defendant:
       **AIR & LIQUID SYSTEMS CORPORATION,**
          **as successor-by-merger to BUFFALO PUMPS**

JULIE EVANS ESQ.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017
(212) 490-3000
fax:(212) 490-3038
Attorneys for Defendant:
       **AMERICAN BILTRITE, INC.**

Kerryann Cook Esq
80 Broad Street
23rd Floor
New York, NY 10004
(212) 509-3456
fax:(212) 509-4420
Attorneys for Defendant:
       **ATWOOD & MORRILL COMPANY**
       **AURORA PUMP COMPANY**
       **KENTILE FLOORS, INC.**

Suzanne Halbardier Esq.
BARRY MCTIERNAN & MOORE
2 Rector Street
14th Floor
New York, NY 10006
(212) 313-3600
fax:(212) 608-8901
Attorneys for Defendant:
       **AZROCK INDUSTRIES,**
          **a Division of DOMCO, INC.**
       **CLEAVER BROOKS COMPANY, INC.**

Cynthia Weiss Antonucci Esq.
HARRIS BEACH LLP
100 Wall Street
23rd Floor
New York, NY 10022
(212) 313-5410
fax:(212) 687-0659
Attorneys for Defendant:
       **BLACKMER**

1

Chris Gannon Esq
Theodore Eder Esq
SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD
850 Third Avenue
Suite 1100
New York, NY 10022
(212) 651-7500
fax:(212) 651-7499
Attorneys for Defendant:
   BYRON JACKSON PUMPS
   GARDNER DENVER, INC.


Michael Tanenbaum Esq
SEDGWICK, LLP
Three Gateway Center, 12th Floor
Newark, NJ 07102-5311
(973) 242-0002
fax:(973) 242-8099
Attorneys for Defendant:
   CBS CORPORATION, f/k/a VIACOM INC.,
    successor by merger to
   CBS CORPORATION, f/k/a
   WESTINGHOUSE ELECTRIC CORPORATION
   FOSTER WHEELER, L.L.C.
   GENERAL ELECTRIC COMPANY


Judy Yavitz Esq
DARGER ERRANTE YAVITZ & BLAU LLP
116 East 27th Street at Park Avenue
12th Floor
New York, NY 10016
(212) 452-5300
fax:(212) 452-5301
Attorneys for Defendant:
   CERTAINTEED CORPORATION


Kirsten Kneis Esq.
K & L GATES LLP
599 Lexington ave
New York, NY 10022
(212) 536-3900
fax:(212) 536-3901
Attorneys for Defendant:
   CRANE CO.


Steve Kevelson Esq.
One Cozine Avenue
Brooklyn, NY 11207
Attorneys for Defendant:
   EMPIRE-ACE INSULATION MFG. CORP.


Christopher Hannan Esq
KELLEY JASONS MCGUIRE SPINELLI & HANNA, LLP
120 Wall Street. 30th Floor
New York, NY 10038
(212) 344-7400
fax:(212) 344-7402
Attorneys for Defendant:
   FMC CORPORATION,
    on behalf of its former CHICAGO PUMP
    & NORTHERN PUMP BUSINESSES

Scott Emery Esq.
LYNCH DASKAL & EMERY LLP
264 West 40TH Street
New York, NY 10018
(212) 302-2400
fax:(212) 302-2210
Attorneys for Defendant:
          **GEORGIA PACIFIC LLC.**

John Fanning Esq.
Raghu Bandlamudi Esq.
CULLEN AND DYKMAN BLEAKLEY PLATT, LLP
177 Montague Street
Brooklyn, NY 11201
(718) 855-9000
fax:(718) 935-1509
Attorneys for Defendant:
          **GOULDS PUMPS, INC.**

Joseph Colao Esq.
LEADER & BERKON LLP
630 Third Avenue
New York, NY 10017
(212) 486-2400
fax:(212) 486-3099
Attorneys for Defendant:
          **IMO INDUSTRIES, INC.**
          **WARREN PUMPS, LLC**

Lisa Pascarella Esq
BRAATEN & PASCARELLA, LLC
Paynters Ridge Office Park
2430 Route 34 - P.O. Box 648
Manasquan, NJ 08736
(732) 528-8888
fax:(732) 528-4445
Attorneys for Defendant:
          **INGERSOLL-RAND COMPANY**

KAREN CAMPBELL ESQ.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
77 Water Street, 21st Floor
New York, NY 10005
(212) 232-1300
fax:(212) 232-1399
Attorneys for Defendant:
          **KAISER GYPSUM COMPANY, INC.**

Jill Berry Esq
Paul Scrudato Esq.
SCHIFF HARDIN LLP
666 Fifth Avenue
17th Floor
New York, NY 10103
(212) 745-5597
fax:(212) 753-5044
Attorneys for Defendant:
          **OWENS-ILLINOIS, INC.**
          **YARWAY CORPORATION**

3

Amiel Gross Esq.
SONNENSCHEIN NATH & ROSENTHAL
1221 Avenue of the Americas
New York, NY 10020
(212) 398-4867
fax:(212) 768-6800
Attorneys for Defendant:
      **RAPID-AMERICAN CORPORATION**

Patrick Dwyer Esq.
SMITH, STRATTON, WISE, HEHER & BRENNAN
2 Research Way
Princeton, NJ 08540
(609) 734-6186
fax:(609) 987-6651
Attorneys for Defendant:
      **THE B.F. GOODRICH COMPANY,**
        **(GOODRICH CORPORATION)**

Lawrence D'Aloise Esq
CLARK, GAGLIARDI & MILLER, P.C.
99 Court Street
White Plains, NY 10601
(914) 946-8900
fax:(914) 946-8960
Attorneys for Defendant:
      **U.S. PLYWOOD CORPORATION**

Geneiveve MacSteel Esq.
MCGUIRE WOODS, LLP
1345 Avenue of the Americas #7
New York, NY 10105
(212) 548-2100
fax:(212) 715-2315
Attorneys for Defendant:
      **WEYERHAEUSER COMPANY**

4

**<u>Supplemental/Amended Answers to Interrogatories</u>**
**<u>for JOHN T. BEREI</u>**

The following Answers either supplement or amend the Answers to Interrogatories for John T. Berei contained in his Answers to Interrogatories dated March 28, 2012:

1A.    (d)    Widower
              Mary Mochary (1952-June 11, 2003)

30A.   <u>Berei v. Owens Corning Fiberglas Corp., et al.</u>
       In the Circuit Ct. Of the 17th Judicial Circuit In and For Broward Cty., Florida
       Index No.:  98-10539(27)


17A    **See attached amended Chart A.**


-------------------------------------------


Dated:      New York, New York
            May 11, 2012

                              Respectfully submitted,
                              **WEITZ & LUXENBERG, P.C.**



                              By:_____
                                    David A. Chandler

**CHART A**

**EMPLOYER/JOBSITE HISTORY FOR JOHN T. BEREI**

| Name of Employer | Dates of Employment | Asbestos-related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM* Used   Personally, By Coworkers, BY Other Companies On Site And To Which You Were Otherwise Exposed | Coworkers on Jobsite, including supervisor |
|---|---|---|---|---|---|---|
| Please see social security records | 1950-1970 | Various commercial sites throughout New York and New Jersey, including but not limited to:<br><br>Dover Mall, NJ<br><br>Willowbrook Mall, NJ<br><br>Flushing Hospital, NY | 1950-1970 | Carpenter | Plaintiff worked with and assisted others that worked with asbestos-containing floor tile, ceiling tile, joint plaster, spray, pipe covering, cement & tape, including but not limited to:<br><br>**VINYL ASBESTOS TILE**<br>**Kentile**<br>**Azrock**<br>**Amtico**<br>**BF Goodrich**<br>**GAF**<br>**Armstrong**<br>**JOINT PLASTER**<br>**Georgia Pacific**<br>**Kaiser Gypsum**<br>**United States Gypsum**<br>**Armstrong**<br>**National Gypsum**<br>**FIRE DOORS**<br>**Weyhaeuser**<br>**US Plywood** | see Interrogatory Answer #17 |

| Name of Employer | Dates of Employment | Asbestos-related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM* Used  Personally, By Other Companies On Site And To Which You Were Otherwise Exposed | Coworkers on Jobsite, including supervisor |
|---|---|---|---|---|---|---|
| United States Navy | 1946-1949 | -USS Shehalis (AOG48) <br> -San Diego Naval Base <br> -USS Alshane <br> -Various decommissioned Navy ships | 1946-1949 | Fire Control (FC3) | Plaintiff worked with and assisted others who worked with asbestos gaskets, packing, asbestos rope and insulation, used in connection with machinery and equipment such as boilers, turbines, pumps, valves, blowers, heat exchangers, steam lines and other like equipment, including but not limited to: <br><br> **PUMPS** <br> **Buffalo** <br> **Byron Jackson** <br> **Chicago Pump** <br> **Northern Pump** <br> **DeLaval** <br> **Goulds** <br> **Ingersoll-Rand** <br> **Gardner Denver** <br> **Aurora** <br> **Warren** <br><br> **VALVES** <br> **Fairbanks** <br> **Crane** <br> **Atwood & Morrill** <br> **Kennedy** <br><br> **TURBINES** <br> **General Electric** <br> **Westinghouse** | see Interrogatory Answer #17 |

| Name of Employer | Dates of Employment | Asbestos-related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM* Used Personally, By Coworkers, BY Other Companies On Site And To Which You Were Otherwise Exposed | Coworkers on Jobsite, including supervisor |
|---|---|---|---|---|---|---|
| | | | | | **BOILERS**<br>**Babcock & Wilcox**<br>**Foster Wheeler**<br><br>**GASKETS**<br>**Goodyear**<br>**Cranite**<br>**Garlock** | |

\* ACM - Asbestos Containing Materials or Products.

\*\* Identify brand and manufacturer names, if known.